# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IRA GREEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-782C |
| | ) | |
| v. | ) | (Senior Judge Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of this Court ("RCFC"), defendant, the United States, respectfully requests that plaintiff, Ira Green, Inc.'s, complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In support of this motion, we rely upon the complaint, the following brief, and the appendix attached to this motion.[1]

## ISSUES PRESENTED

1. Whether Count III of the complaint should be dismissed for lack of jurisdiction to entertain a statutory claim against a non-appropriated fund instrumentality.

2. Whether Counts I and II of the complaint should be dismissed for failure to state a claim where plaintiff has failed to establish the existence of a contract.

## STATEMENT OF THE CASE[2]

### I. Nature Of The Case

Plaintiff, Ira Green, Inc. ("Ira Green"), challenges the Navy Exchange Service

---

[1] "A__" refers to the appendix attached to this motion. "Compl." refers to plaintiff's Complaint filed November 7, 2007.

[2] For purposes of this brief only, other than the jurisdictional facts at issue, we assume the truth of the factual allegations contained in the complaint.

Command's ("NEXCOM's") decision to stop purchasing insignia items from Ira Green for its Newport, Rhode Island retail location. Compl. ¶ 6. Ira Green also alleges that NEXCOM violated the Competition in Contracting Act ("CICA"), 10 U.S.C. § 2304(a), when it began purchasing the items from other suppliers. Compl. ¶ 8.

Through its complaint, Ira Green seeks $25,000 for alleged lost profits as a result of NEXCOM's decision, $65,000 for reimbursement of costs expended producing inventory which will not be purchased by NEXCOM, a declaration that NEXCOM violated CICA, and an injunction directing NEXCOM to comply with CICA in procuring goods for its uniform centers. Compl. Prayer for Relief.

## II. Statement Of The Facts

Ira Green is a supplier of uniform insignia, embroidery, and related accessories. A1. NEXCOM is a nonappropriated fund instrumentality ("NAFI") within the Department of the Navy. A6, ¶ 2 (OPNAV Inst. 5450.331); Made in the USA Foundation v. United States, 51 Fed. Cl. 252, 254 n.3 (2001). Among other things, NEXCOM operates the worldwide network of retail stores known as Navy Exchanges, which function as military department stores and offer consumer goods, merchandise, and services to military members, their families, and other authorized patrons. See A6-A10, A6 ¶¶ 2-3.

On April 4, 2005, Ira Green and NEXCOM signed the "Ira Green/Nexcom Agreement on Northeast Uniform Centers" (the "Agreement"). Compl. ¶¶ 5, 9-16; A1-3[3]. Rather than specifying item quantities, delivery dates, or prices, the Agreement provided guidelines for the

[3] We attach the Agreement to this motion which the Court may consider without converting the Rule 12(b)(6) motion into a motion for summary judgment. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 153 n.3 (2d Cir. 2002).

parties to follow in NEXCOM's purchase of insignia, embroidery, and related accessories from Ira Green for six Uniform Centers, including the Newport, Rhode Island location. Id. NEXCOM designated the type of merchandise it purchased from Ira Green as E-1 merchandise. A4. All E-1 merchandise is purchased using non-appropriated funds. A5.

On September 1, 2006, NEXCOM sent notice to Ira Green that, effective October 1, 2006, it would remove Ira Green products from the Newport, Rhode Island store due to customer dissatisfaction. Compl. ¶ 17.

## ARGUMENT

### I. Legal Standards

#### A. Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

B. Failure To State A Claim Upon Which Relief May Be Granted

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle it to a remedy. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of

facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. As under Conley, a complaint must still be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Id. at 1964-65.

A complaint should not be dismissed pursuant to Rule 12(b)(6) simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 1965 (internal citation omitted). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.

## II. This Court Lacks Jurisdiction To Entertain Count III Alleging A Statutory Claim Against A Non-Appropriated Fund Instrumentality

In Count III of its complaint, Ira Green alleges that NEXCOM violated CICA when it began buying merchandise of the kind previously purchased from Ira Green without the use of competitive procedures. In its jurisdictional statement, Compl. ¶ 2, Ira Green alleges that this Court possesses jurisdiction to entertain Count III pursuant to 28 U.S.C. § 1491(b). Ira Green's

reliance upon § 1491(b) is misplaced.[4] In actuality, Ira Green is alleging a statutory claim pursuant to § 1491(a). This Court lacks jurisdiction to entertain this claim because the Tucker Act does not extend to statutory claims against NAFIs.

It is axiomatic that waivers of sovereign immunity must be express. Lane v. Pena, 518 U.S. 187, 192 (1996); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983); Yancheng Baolong Biochem. Prod. Co. v. United States, 406 F.3d 1377, 1382 (Fed. Cir. 2005). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983). Accord Yancheng, 406 F.3d at 1382 (the intent to waive sovereign immunity must be unequivocally expressed); Bailey v. West, 160 F.3d 1360 (Fed. Cir. 1998) (holding that waivers of sovereign immunity must be explicit and narrowly applied). "[W]hen confronted with a purported waiver of the Federal Government's sovereign immunity, the Court will construe ambiguities in favor of immunity." Lane, 518 U.S. at 192 (quoting United States v. Williams, 514 U.S. 527, 531 (1995)).

Through the Tucker Act, Congress waived the sovereign immunity of the Government and defined the jurisdiction of this Court so as to entertain claims "against the United States,

---

[4] The complaint does not identify any procurement or proposed procurement. Even if it did, Congress has not expanded the bid protest jurisdiction to claims against NAFIs. Compare 28 U.S.C. § 1491(a), with § 1491(b). If Congress had intended to extend partial Tucker Act bid protest jurisdiction to cover NAFIs it would have done so expressly when it enacted § 1491(b). To the contrary, when previously faced with an opportunity to waive claims against NAFIs, Congress chose to waive it only for claims based in contract against certain enumerated NAFIs. See McDonald's Corp. v. United States, 926 F.2d 1126, 1130 (Fed. Cir. 1991) (citing legislative history).

founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491. The jurisdictional grant in the Tucker Act is limited by the requirement that awards by the Court of Federal Claims against the United States must be paid using appropriated funds. Taylor v. United States, 303 F.3d 1357, 1360 (Fed. Cir. 2002). Accordingly, absent some specific provision to the contrary, this Court lacks jurisdiction to entertain any action in which appropriated funds could not be used to pay a resulting judgment. Id.; AINS, Inc. v. United States, 365 F.3d 1333, 1336-39 (Fed. Cir. 2004); Furash & Co. v. United States, 252 F.3d 1336, 1339 (Fed. Cir. 2001) (citing L'Enfant Plaza Props., Inc. v. United States, 668 F.2d 1211 (ct. Cl. 1982); Kyer v. United States, 369 F.2d 714 (Ct. Cl. 1966); United States v. Hopkins, 427 U.S. 123, 125-26 (1976)). This restriction is commonly known as the non-appropriated funds doctrine or the NAFI doctrine. Taylor, 202 F.3d at 1360; AINS, 365 F.3d at 1337-39.

The NAFI doctrine precludes this Court from exercising Tucker Act jurisdiction to entertain statutory claims against NAFIs. AINS, 365 F.3d at 1337-39. While Congress did carve out an exception to the NAFI doctrine for contract claims against certain enumerated NAFIs, this exception does not extend to statutory claims. Id. ("Congress did not, however, alter the general rule excluding NAFIs from Tucker Act jurisdiction, nor did Congress waive the protective basis of sovereign immunity to allow suit other than against the few enumerated exceptions"); Taylor, 303 F.3d at 1360 n.1. In Taylor, the Federal Circuit expressly held that absent a clear and express waiver of sovereign immunity in the statute at issue, this Court does not have jurisdiction to entertain statutory claims against NAFIs. 303 F.3d at 1360.

NEXCOM is one of the enumerated NAFIs in the Tucker Act. 28 U.S.C. § 1491(a).

Nevertheless, Ira Green's claim for violation of CICA is still jurisdictionally barred. As stated above, the NAFI doctrine exception in § 1491(a) does not extend to statutory claims against NEXCOM. Count III of the complaint is not a breach of contract claim. Rather, it alleges that NEXCOM violated CICA when it failed to obtain full and open competition before purchasing the items listed in the Agreement from another supplier. Compl., ¶ 45; A1. The merchandise at issue was purchased by a NAFI using non-appropriated funds. A4-5. Neither the Tucker Act nor CICA contains an express waiver of sovereign immunity over this statutory claim against a NAFI. To the contrary, CICA specifically states that it only applies to the procurement of goods and services "for which payment is to be made from appropriated funds." 10 U.S.C. § 2303(a). Accordingly, Count III of the complaint should be dismissed for lack of subject matter jurisdiction.

## III. Ira Green Fails To State A Claim For Breach of Contract

Ira Green fails to state a claim in Counts I and II of the complaint because the Ira Green/Nexcom Agreement on Northeast Uniform Centers is not a contract. "The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of the minds." Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981). "In the absence of contractual intent or sufficiently definite terms, no contractual obligations arise." United Pacific Ins. Co. v. Roche, 401 F.3d 1362, 1366 (Fed. Cir. 2005); Modern Sys. Tech. Corp. v. United States, 979 F.2d 200, 202 (Fed. Cir. 1992); see also Trauma Service Group. Ltd. v. United States, 33 Fed. Cl. 426, 430-31 (1995).

The complaint fails to establish that the Agreement between Ira Green and NEXCOM is a

contract enforceable against the United States in this Court. The Agreement is not a contract. Ira Green's allegations to the contrary are mere speculation, lacking any foundation or support. The Agreement is nothing more than "the arrangement between the government and a contractor by which the parties agree to the terms upon which particular supplies or services will be furnished without fixing the quantity or the obligation until an order is placed." Modern Sys., 979 F.2d at 204. Such an agreement is referred to as a basic agreement or basic ordering agreement. Id.; 48 C.F.R. §§ 16.702-16.703. They are not contracts. 48 C.F.R. §§ 16.703(a). Unlike most contracts, basic agreements do not indicate a binding agreement, set forth a quantity provision or provide a remedy for breach or nonperformance. Trauma Service, 33 Fed. Cl. at 430-31, 431 n.3. They are only enforceable against the Government to the extent that individual orders are placed pursuant to the terms of the agreement. Id. The purpose of such agreements is to avoid prolonged and repeated contract negotiations. Modern Sys., 979 F.2d at 204. "In essence, this arrangement is an agreement to agree, a set of ground rules as it were, and no obligations are assumed by either party until orders are given by the Government and accepted by the contractor." Id.

As stated in the complaint, the Agreement contains basic terms upon which Ira Green would supply insignia, embroidery, and related accessories to six NEXCOM uniform centers. Compl. ¶¶ 5, 9-16; A1-3. The complaint does not allege that the Agreement includes specific quantities or the consequences of a breach or nonperformance, nor are these terms present in the Agreement. See A1-3. There is no indication that this is a binding agreement from which contractual obligations arise. The speculative and conclusory assertion in the complaint that the Agreement is a contract is insufficient to state a claim for breach of contract. Neither party

assumed definitive obligations as a result of the Agreement. Rather, it is clear that Ira Green's obligation to provide uniforms would only stem from completed purchase orders for quantities to be determined by the parties at a later date, not out of the terms of the Agreement. A2, ¶ 11. Accordingly, this Agreement is not a contract which can be enforced against the United States and Ira Green has failed to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court dismiss plaintiffs' complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

March 7, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of March, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN