# In the United States Court of Federal Claims

* * * * * * *

IRA GREEN, INC., *

Plaintiff, * No. 07-782C

v. * Filed: May 20, 2008

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

Plaintiff Ira Green supplied uniform insignia and related accessories for the Navy through the Navy Exchange Service Command, or NEXCOM. The Navy obtained these goods from plaintiff with purchase orders issued pursuant to an April 2005 basic ordering agreement. The agreement with Ira Green provided guidelines for executing purchase orders and delivering supplies to various Navy Uniform Centers, but did not specify item quantities, delivery dates, or prices.

After a series of consumer complaints, NEXCOM notified plaintiff in September 2006 that it would remove Ira Green products from the Newport, Rhode Island exchange. The Government discontinued the Green line of insignia in Newport as of October 1, 2006.

Plaintiff sued in this court for breach of contract, alleging damages of $90,000 for the breach. This includes $25,000 in lost revenue and interest and $65,000 for costs associated with Green's remaining inventory. Count III of plaintiff's Complaint seeks a declaratory judgment stating that the Government violated the Competition in Contracting Act by obtaining replacement supplies on a sole-source basis. *See* 10 U.S.C. § 2304(a). It petitions the court for an injunction to prevent NEXCOM from obtaining inventory formerly supplied by Ira Green in violation of the Competition in Contracting Act. *Id.* (providing that an agency "shall obtain full and open competition through the use of competitive procedures . . . .").

Green's agreement with the Navy was not a binding contract, but an understanding between the parties regarding the process for issuing purchase orders. We do not have jurisdiction to apply the Competition in Contracting Act in these circumstances because NEXCOM is a non-appropriated funds instrumentality. Plaintiff's Complaint must be dismissed.

BREACH OF CONTRACT

The Navy's agreement with Ira Green was not an enforceable contract, but a basic ordering agreement that established rules for issuing purchase orders. *Modern Sys. Tech. v. United States*, 979 F.2d 200, 204 (Fed. Cir. 1992) (defining basic ordering agreement as "an arrangement between the Government and a contractor by which the parties agree to the terms upon which the particular supplies or services will be furnished without fixing the quantity or the obligation until an order is placed."). Such agreements do not contain all the elements of binding contracts. For example, they do not set forth quantity provisions or provide remedies for breach or nonperformance. *Trauma Service Group Ltd. v. United States,* 33 Fed. Cl. 426, 430-31 (1995).

The basic ordering agreement between NEXCOM and Ira Green explained procedures for handling purchase orders, but did not require that the Navy issue a particular quantity of inventory from Green. The agreement stated that "costs, terms and freight considerations will be as indicated on the Open Purchase Orders . . . ." The Government issued several purchase orders to Ira Green pursuant to the Agreement, but it informed plaintiff in September 2006 that the Navy would not order more supplies.

Plaintiff seeks discovery to establish that the agreement was binding on the Government. The agreement is not ambiguous, however, and it is not a contract; we see no justification for discovery.

NON-APPROPRIATED FUNDS DOCTRINE

NEXCOM is a non-appropriated funds instrumentality that operates Navy exchanges throughout the world, providing consumer goods, merchandise, and other services to military personnel and their families. "[T]he term 'non-appropriated fund instrumentality' means the Navy Exchange Service Command . . . ." 10 U.S.C. § 2488. This court lacks jurisdiction to hear cases in which any judgment would be paid with non-appropriated funds, absent acts of Congress to the contrary. *See, e.g., AINS v. United States*, 365 F.3d 1333, 1339 (Fed. Cir. 2004) (holding that Congress did not waive sovereign immunity to allow suits in this court against non-appropriated fund instrumentalities). Congress made special provisions for NEXCOM, however, stating that "an express or implied contract with . . . Navy Exchanges . . . shall be considered an express or implied contract with the United States." 28 U.S.C. 1491 (a)(2).

This court has Tucker Act jurisdiction to hear contract claims against NEXCOM despite its status as a non-appropriated funds instrumentality. *See, e.g., McDonald's Corp. v. United States*, 926 F.2d 1126, 1133 (Fed. Cir. 1991) (concluding that NEXCOM, "when contractually obligating non-appropriated funds derived from re-sale activities in its Exchanges, is not immune from suit.").

Plaintiff's Count III does not allege that the Navy breached a contract, however, but that it

committed a violation of the Competition in Contracting Act. *See* 10 U.S.C. § 2304(a) (providing that an agency "shall obtain full and open competition through the use of competitive procedures . . . ."). Plaintiff's Complaint seeks a declaratory judgment and an injunction requiring NEXCOM to conduct full and open competition for sales and services to Uniform Centers worldwide. We do not have the authority to issue a declaratory judgment or an injunction in these circumstances.

CONCLUSION

This court has jurisdiction to hear contract claims against NEXCOM, but the basic ordering agreement between the Navy and Ira Green was not a contract. We do not have jurisdiction over Count III of plaintiff's Complaint because it alleges a statutory claim against the Navy rather than a contract claim. CICA applies only to "the procurement of all property . . . for which payment is to be made from appropriated funds." 10 U.S.C. § 2303(a). Thus, Congress did not waive the Government's sovereign immunity for statutory claims against non-appropriated fund instrumentalities.

Plaintiff seeks discovery on the nature of its agreement with the Government. That motion is DENIED. Defendant's motions to dismiss plaintiff's Complaint for failure to state a claim and for lack of subject matter jurisdiction are GRANTED. The Clerk of Court will dismiss plaintiff's Complaint. No costs.

SO ORDERED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge